The State, *ex rel.* Prilliman, *v.* The Town of Tipton *et al.*

Filed Jan. 4, 1887.

---

No. 12,361.

THE STATE, EX REL. PRILLIMAN, *v.* THE TOWN OF TIPTON ET AL.

109 73
150 430

Town.—*Adoption of City Charter.*—*Election.*—*Quo Warranto.*—*Pleading.*—It. is sufficient if a majority of the legal voters who vote at an election held in an incorporated town to determine whether a city charter shall be adopted, agree to the change, and an averment in an information to

test the legality of the city organization, that a majority of the legal voters of the town did not vote in favor of the change, is insufficient.

SAME.—*Inspector's Statement.*—*Record of County Clerk.*—*Presumption of Discharge of Duty.*—When nothing is shown to the contrary, it will be presumed that the inspector of such election certified to the clerk of the circuit court a proper statement of the votes cast, and that the clerk made a record of the statement in his office, as required by law.

SAME.—*Conclusiveness of Clerk's Record.*—*Census.*—The record made by the clerk is conclusive of the regularity of all the previous proceedings, except as to whether a majority of the votes given favored the adoption of a city charter, and it is too late to thereafter question the regularity of the census taken.

SAME.—*Legality of City Organization.*—*Quo Warranto by Private Citizen.*—*Sufficiency of Information.*—An information in the nature of a *quo warranto* by a private citizen, to test the legality of a city organization, must show (1) that the relator is interested in the subject-matter, (2) that he did not by his vote, or otherwise, concur in the proceedings of which he complains, and (3) that, where there is no fraud or intentional violation of law, no public or private interest will be seriously affected by the granting of the relief demanded.

From the Tipton Circuit Court.

*J. Jones,* for appellant.

*J. I. Parker, R. B. Beauchamp* and *J. A. Swoveland,* for appellees.

NIBLACK, J.—This was a proceeding in the nature of a writ of *quo warranto,* prosecuted in the name of the State, on the relation of Martin Prilliman, against the town of Tipton, now claiming to have become an incorporated city, under the name of the City of Tipton, for the purpose of testing the legality of the alleged city organization. All the persons claiming to act as officers under the organization known as the City of Tipton were also made defendants.

The information gave the court below to understand and be informed that Prilliman, the relator, was a resident and duly qualified voter within the corporate limits of the town of Tipton, as theretofore known, and the owner of real estate and a taxpayer therein; that, on the 20th day of November, 1883, a petition was presented to the board of trustees of

said town of Tipton, signed by one-third of the qualified voters of such town, asking that a census be taken of the inhabitants thereof under the order of said board; that said board thereupon made an order, and caused it to be spread on the records of said town, requiring the marshal to take a census of all the inhabitants of said town, that is to say, of all persons residing within its limits forty days anterior to the time of making such order, and to make a return of such census within sixty days thereafter; that a warrant so directing the marshal was accordingly issued to him, but that said board of trustees did not provide or furnish proper forms to enable the marshal to take such census; that the marshal never made any return of the warrant so issued to him, or of the census he was required to take; that forty days prior to the date of the order requiring the census to be taken as stated, there were only fifteen hundred and fifty persons residing within the corporate limits of said town; that, on the 15th day of January, 1884, said board of trustees made a pretended record showing that said warrant, and a census of said town, had both been returned, and that according to such pretended census said town contained a population of two thousand persons; that said record was false, and was known to be so by said board of trustees when it was made; that on said 15th day of January, 1884, said board of trustees also ordered a pretended election to be held to determine whether said town of Tipton as a municipal organization should be changed to that of a city; that a majority of the legal voters of said town did not vote in favor of adopting a city charter for the government of its inhabitants; that said board of trustees, pretending that a majority of said duly qualified voters had voted in favor of adopting a city charter, ordered that another election should be held, on the 11th day of March, 1884, for the purpose of electing persons to fill the various offices provided for in a city about to be organized under the laws of this State; that at said pretended election certain persons, naming them, and made defendants in this

76 SUPREME COURT OF INDIANA,

The State, ex rel. Prilliman, v. The Town of Tipton et al.

proceeding, as herein above stated, claimed to have been severally elected to fill said offices; that all the persons, claiming to have been so elected, had entered upon the duties of their several pretended offices, and had usurped the franchises and offices of a city government. Wherefore the defendants were required to answer as to the several matters alleged against them.

A demurrer was sustained to the information, and final judgment was rendered upon demurrer, in favor of the defendants.

Section 1131, R. S. 1881, authorizes proceedings in the nature of *quo warranto* to settle questions similar to those sought to be raised by the information in this case, and the succeeding section provides that "The information may be filed by the prosecuting attorney in the circuit court of the proper county, upon his own relation, whenever he shall deem it his duty to do so, or shall be directed by the court, or other competent authority, or by any other person on his own relation, whenever he claims an interest in the office, franchise, or corporation which is the subject of the information."

Section 3031, R. S. 1881, and the six immediately succeeding sections, prescribe the manner in which the inhabitants of an incorporated town may, under certain circumstances, adopt a city charter, and thus become an organized city under the general laws of this State. This right of adopting a city charter is, however, by section 3033, limited to cases in which the marshal of an incorporated town makes return of a census showing a population of at least two thousand persons.

Section 3035 provides for the submission of the question as to whether the town shall become an incorporated city, to the qualified voters, and that when a majority of the ballots cast at the election held to determine that question shall be in favor of the proposed change, the inspector shall certify the result to the clerk of the circuit court of the proper county, who shall make a record in his office of the state-

ment thus certified to him.    By section 3036, it is enacted that "Such town shall thereafter be deemed an incorporated city, with the powers and franchises appertaining thereto; and the record in the office of the clerk, as aforesaid, shall be held in all courts as conclusive evidence of such incorporation in any suit pending therein.    But nothing in this act contained shall preclude any person interested from showing that a majority of the legal voters of any such town or city had not agreed to such change."

Construing this latter clause of section 3036 with the preceding section, to which reference has been made, it must be held to mean that nothing contained in the sections of the statute under consideration shall be construed as precluding any person interested from showing that a majority of the legal voters, who voted at the election held to determine the question, had not agreed to adopt a city charter.

It is not averred that the inspector of the election in question in this case did not certify to the clerk of the circuit court a proper statement of the votes cast at that election, and that the clerk did not make a record of such statement in his office.

As every officer, when there is no averment, or reasonable inference of fact to the contrary, is presumed to have done his duty, we must assume that a proper statement was certified by the inspector, and that a suitable record of it was made by the clerk.

As the record which the clerk presumably made in this case is conclusive of the regularity of all the previous proceedings, except as to whether a majority of the votes given was in favor of the proposed change, it was, when this information was filed, too late to make a question as to whether such a census of the town of Tipton was taken as the law requires.

The averment in the information, that a majority of the legal voters of the town of Tipton did not vote in favor of the adoption of a city charter, was not the equivalent of an averment that a majority of the votes given at the election

The State, *ex rel.* Prilliman, *v.* The Town of Tipton *et al.*

was not favorable to the proposed change from a town to a city government, and was, consequently, insufficient to present the question as to whether a majority of those lawfully voting had agreed to the proposed change.

Then, too, to authorize the prosecution of an information in the nature of a *quo warranto*, at the suit of a private person, in a case of the class to which the one before us belongs, it must be shown:

*First.* That the relator is not a mere stranger, or intermeddler, or, in other words, that he is interested in the subject-matter embraced in the information.

*Second.* That he did not concur in the act or matter of which he complains.

*Third.* That, where there is no fraud or intentional violation of law, no public or private interest will be seriously affected by the granting of the relief demanded. 2 Dillon Munic. Corp., section 901.

There having been in the information, under consideration, no allegation that Prilliman, the relator, did not vote in favor of adopting a city charter, or otherwise concur in the proceedings of which he complains, the information was for that reason, also, materially defective. On the same general subject, see the cases of *Stultz* v. *State, ex rel.*, 65 Ind. 492, and *Mullikin* v. *City of Bloomington*, 72 Ind. 161.

We have not considered the question as to whether, upon the facts stated, Prilliman was shown to be a proper relator in the cause.

The judgment is affirmed, with costs.

Filed Jan. 5, 1887.