# SUPREME COURT,

## TERRITORY OF OKLAHOMA.

---

## JUNE TERM, 1894.

---

PRESENT:

Hon. FRANK DALE, Chief Justice.
Hon. JOHN H. BURFORD,
Hon. HENRY W. SCOTT,
Hon. A. G. CURTIN BIERER, } Associate Justices.
Hon. JNO. L. M'ATEE,

===

THE TERRITORY OF OKLAHOMA, *ex rel.*, C. A. GAL-
BRAITH, *Attorney General*, vs. THE CHICAGO, ROCK
ISLAND AND PACIFIC RAILWAY COMPANY.

DALE, C. J.: This case, being a proceeding for *man-
damus* in this court, with the history of which we are
all somewhat familiar, is now before this court upon
the motion of the relator for a commissioner to take
testimony, and upon the objection of the respondent
to the appointment of such a commissioner and the
application of the respondent for a trial by jury.

If the question as to whether or not the parties are
entitled to a jury is settled in the affirmative, it fol-
lows that this court has not the power to appoint a
commissioner to take testimony over the objection of
the party demanding the right of trial by jury, and

the decision upon the question of a right to a trial by jury will settle the other proposition involved.

In *mandamus* proceedings it is found, by an examination of the authorities, and it seems to be well settled, that such an action was a common law action, and in some states of the union, under codes similar to ours, it is held that where an issue of fact is raised on the pleadings that either party may have a trial by jury.

The supreme court of Kansas, so far as we have been able to determine by an examination of the authorities, has not passed upon this question directly.

This writ anciently was a high prerogative writ, but in the states of this Union, and under the decision of the supreme court of the United States, this action has lost, to a considerable extent, its ancient characteristics. It is not now considered, in most of the states of the Union, as anything more than a civil action. And in the procedure governing the trial of causes such procedure is assimilated, as nearly as possible, to the codes of the several states, and it is treated as a civil provision, and as an ordinary civil action in most of the states. The only features now possessed by this proceeding, in common with those originally possessed, are the features which grant to the court the discretionary power of issuing the alternative or peremptory writ of *mandamus* and bringing the parties into court.

In the case under consideration an issue of fact has been squarely joined by the return to the alternative writ.

As we view the authorities, such issue of fact can be tried by a jury, and under most of the codes of the states which have passed upon this question, I recall but one now, hold that a trial by jury is a matter of right rather than discretionary upon the

part of the court.    But this court in passing upon the question presented to it on yesterday as to whether or not the court would consider this a case which should be governed by the rules of pleading as laid down by the code, held to the view that this is such an action that where issues were joined in accordance with the provisions of the code relating to the trial of civil actions in the district court, and in that decision this court practically held that in *mandamus* proceedings, as well as in any other proceeding of a civil nature, the rules of practice as laid down for the trial of causes in the district court should govern in this court in such cases.    Therefore, we are of the opinion that a trial by jury may be had in this cause; that the parties are entitled as a matter of right to a trial by jury in *mandamus* proceedings where an issue of fact is joined.

This leads us to the next proposition: As to whether or not a trial by jury can be had in the supreme court of this territory.    Upon that question the court has concluded that inasmuch as no machinery has been provided for the calling of a jury in the supreme court it would be the exercise of doubtful power for this court to prescribe rules and regulations and a line of procedure for the calling of a jury in the supreme court and the trial of causes in such court by a jury; and we have agreed that no juries will be called for the trial of causes in the supreme court.

In considering this question we have come to that conclusion in this case for the reason that a denial of a trial by jury will not prejudice either party; that a trial can be had by jury in the district court at an early day, and we have such an amount of work now pending in this court as will require all of the time and attention of this court that it can devote to it.

We make that suggestion at this time to the relator, holding that while the parties may have a trial by jury in this character of a case in this court, no machinery has been provided for a trial by jury in the supreme court; and we leave this matter with the relator. with this suggestion, for such further action in the premises as may be deemed proper in order to protect whatever rights the relator may have.

It is suggested by Justice Scott that a motion to dismiss would be entertained; that inasmuch as the trial cannot be proceeded with in this court this decision settles the further proceedings here.

BIERER, J.: I desire to say in this matter that I came to the conclusion, which is adopted by the court, with a great deal of reluctance. It seems to me a rather harsh rule to say that a party may come to this forum with his grievance, in order to have it adjusted and judicially determined by the court, and at the same time say that when the other party has filed an answer which puts in issue certain facts, which may be true or not true, and upon that demands a jury, that. by reason of the fact of such answer and such issue and such demand for a jury, the plaintiff must go out of court and not have the matter determined. However. the Organic Act gives to this court original jurisdiction in *mandamus* proceedings in such cases as are provided by law, and if the law makes no provision by which the action of *mandamus* may be determined in the usual method provided for such cases—a case of this character—then, there is no jurisdiction of *mandamus* in such cases provided by law, because the law has not provided a means by which that action can be determined. The defendant has a right, as we have all determined, to make such a response, such return as that which is made; he has a right to make an issue of fact, as in all other civil actions. The action, being one at law, being one that,

under our code, is termed a civil action, the same as all other civil actions, and the right of trial by jury being given in such actions, the defendant, also, has an absolute right of trial by jury, which we cannot deny.

We come, then, to one of two propositions as to whether the seemingly harsh method of depriving the plaintiff of his right, in the case, of proceeding further, or of denying to the defendant the right, which he absolutely has, of a trial by jury, because there are no means provided by law whereby a jury can be provided in this court. The legislature has been at fault in that particular, and it is not for the courts to remedy the defect by judicial legislation. That we could not do.

Now, the plaintiff, in that state of the legislation, when he comes into the court, takes the chances of such issues being made as will, under the law, deprive him of his right to finally proceed with the case and have it determined there.

We, therefore, come to the conclusion that the cause cannot further proceed in this court, because such issues are made as upon which the parties have a right to a jury trial, and, no means being provided by the legislature by which this court can secure a jury, the cause must come to an end.

BURFORD, J.: I would like to say in addition to what the the Chief Justice has said, that in reference to the trial of jury cases in this court I have no question but what when congress gave to the supreme court of this territory the power, or, rather, the jurisdiction, to try and determine *mandamus* proceedings, that carried with it whatever powers, whatever authority belonged to that character of a case. If at common law that was a jury case, which the court has held, and on which I think there is no question,

then this court would have the right to try by jury; but we are left largely, in the conduct of our business in this court, to the acts of the legislature of the territory.

The Organic Act has given this court no executive officers, no sheriff or marshal, as in most of the states some officer is possessed with power to serve the process of this court. The court has no doubt the inherent power to appoint a person or to designate some other officer for that purpose. The chief difficulty, it seems to me, lies in the fact that this court has no funds at its command and none from which it can draw. The law of this territory provides that the jury shall be drawn from the county in which the court is held, and that the jurors shall be paid out of the public treasury of the county in which the court is held. There certainly is no power in this court, under our statutory powers, at least as prescribed by the territorial legislature, to draw upon the funds of Logan county to pay a jury in a case of this character. This court sits for the territory at large; it does not sit for Logan county, and it would be very harsh upon the county where the capital might be or where the supreme court might have its setting to hold that such county would have to bear the expense of all the juries had in the supreme court. There being no funds at our hands with which we can pay supreme court jurors, the difficulty confronts us that while we may have the power to try by jury, as suggested by the Chief Justice, we are left without machinery for securing a jury. We have no authority for drawing a jury, unless we resort back to the common law and secure a jury by open venire, and then we have no officer to execute our process; and a number of difficulties present themselves. The power to draw a jury seems to be left in the authority or jurisdiction to try these causes, yet we have not been supplied by any

s

provision or authority by the legislature by which we can secure a jury or pay one. Another difficulty might arise in securing the attendance of witnesses, in issuing and serving process. These matters can all be remedied by legislation. If it is the purpose of the legislature that this court shall be a jury court, which would be, as has been well suggested, a detriment to public business, this being an appellate court, yet if this power is given us we are willing to exercise it, if we are given the process by which we can carry it into proper effect.