This case, being a proceeding for mandamus in this court, with the history of which we are all somewhat familiar, is now before this court upon the motion of the relator for a commissioner to take testimony, and upon the objection of the respondent to the appointment of such a commissioner and the application of the respondent for a trial by jury.
If the question as to whether or not the parties are entitled to a jury is settled in the affirmative, it follows that this court has not the power to appoint a commissioner to take testimony over the objection of the party demanding the right of trial by jury, and *Page 109 
the decision upon the question of a right to a trial by jury will settle the other proposition involved.
In mandamus proceedings it is found, by an examination of the authorities, and it seems to be well settled, that such an action was a common law action, and in some states of the union, under codes similar to ours, it is held that where an issue of fact is raised on the pleadings that either party may have a trial by jury.
The supreme court of Kansas, so far as we have been able to determine by an examination of the authorities, has not passed upon this question directly.
This writ anciently was a high prerogative writ, but in the states of this Union, and under the decision of the supreme court of the United States, this action has lost, to a considerable extent, its ancient characteristics. It is not now considered, in most of the states of the Union, as anything more than a civil action. And in the procedure governing the trial of causes such procedure is assimilated, as nearly as possible, to the codes of the several states, and it is treated as a civil provision, and as an ordinary civil action in most of the states. The only features now possessed by this proceeding, in common with those originally possessed, are the features which grant to the court the discretionary power of issuing the alternative or peremptory writ of mandamus and bringing the parties into court.
In the case under consideration an issue of fact has been squarely joined by the return to the alternative writ.
As we view the authorities, such issue of fact can be tried by a jury, and under most of the codes of the states which have passed upon this question, I recall but one now, hold that a trial by jury is a matter of right rather than discretionary upon the *Page 110 
part of the court. But this court in passing upon the question presented to it on yesterday as to whether or not the court would consider this a case which should be governed by the rules of pleading as laid down by the code, held to the view that this is such an action that where issues were joined in accordance with the provisions of the code relating to the trial of civil actions in the district court, and in that decision this court practically held that in mandamus
proceedings, as well as in any other proceeding of a civil nature, the rules of practice as laid down for the trial of causes in the district court should govern in this court in such cases. Therefore, we are of the opinion that a trial by jury may be had in this cause; that the parties are entitled as a matter of right to a trial by jury in mandamus proceedings where an issue of fact is joined.
This leads us to the next proposition: As to whether or not a trial by jury can be had in the supreme court of this territory. Upon that question the court has concluded that inasmuch as no machinery has been provided for the calling of a jury in the supreme court it would be the exercise of doubtful power for this court to prescribe rules and regulations and a line of procedure for the calling of a jury in the supreme court and the trial of causes in such court by a jury; and we have agreed that no juries will be called for the trial of causes in the supreme court.
In considering this question we have come to that conclusion in this case for the reason that a denial of a trial by jury will not prejudice either party; that a trial can be had by jury in the district court at an early day, and we have such an amount of work now pending in this court as will require all of the time and attention of this court that it can devote to it. *Page 111 
We make that suggestion at this time to the relator, holding that while the parties may have a trial by jury in this character of a case in this court, no machinery has been provided for a trial by jury in the supreme court; and we leave this matter with the relator, with this suggestion, for such further action in the premises as may be deemed proper in order to protect whatever rights the relator may have.
It is suggested by Justice Scott that a motion to dismiss would be entertained; that inasmuch as the trial cannot be proceeded with in this court this decision settles the further proceedings here.