## In re SCHOOL BUDGETS FOR 1919, 1920, AND 1921 FOR DIST. NO. 1, CITY OF COALGATE.

No. 12923—Opinion Filed April 25, 1922.

Rehearing Denied Sept. 26, 1922.

(Syllabus.)

1. Courts—Supreme Court—Original Jurisdiction—Right to Invoke—Procedure.

In all original actions or proceedings instituted in this court, it shall be necessary for the plaintiff or applicant for the writ to state fully, by affidavit, the reasons why the action or proceeding is brought in this court instead of one of the inferior courts having concurrent jurisdiction.

2. Same—Certiorari—Dismissal.

Original action brought in the Supreme Court, petition denied and action dismissed.

Original proceeding for writ of certiorari directed to the excise board of Coal county. Action dismissed.

C. M. Threadgill and George E. Jahn, for petitioners.

F. W. Saunders, County Judge, and Chairman of Coal County Excise Board.

JOHNSON, J. This as an original proceeding in this court commenced by the petitioners praying for a writ of certiorari directed to the excise board of Coal county, commanding the said board to certify and return to this court all the records of the proceedings in allowing, approving, and extending and amending the items of revenue and income in the budgets in independent school district in the city of Coalgate of the years 1919, 1920, and 1921, with all things pertaining thereto, to the end that said budgets may be reviewed by this court and upon due consideration thereof the court may correct such budgets and cancel the items of income and revenue that are erroneous and false as above complained of, and that all proceedings on account of said erroneous and false items be stayed until the hearing and determination upon said writ.

Service of notice of the application was accepted by the county judge as chairman of the excise board and the county attorney, as such, and as attorney for the excise board.

The parties to the proceedings joined in a motion to advance the cause for hearing, which was done, and the cause is now before us for consideration upon its merits.

The petition is sworn to by counsel for the petitioners, but there is no affidavit in support of the jurisdiction of this court as required by rule 15, 47 Okla. viii, which is as follows:

"In all original actions or proceedings instituted in this court, it shall be necessary for the plaintiff or applicant for the writ to state fully by affidavit, reasons why the action or proceeding is brought in this court instead of one of the inferior courts having jurisdiction."

This rule was quoted with approval by this court in an opinion by Mr. Justice Dunn in the case of State ex rel. v. Cobb, County Judge, 24 Okla. 662, 104 Pac. 361, and again, recently by this court in the case of Chambers et al. v. Walker, County Superintendent, et al., 85 Okla. 289, 206 Pac. 202, in paragraph 1 of the syllabus, said:

"In all original actions or proceedings instituted in this court, it shall be necessary for the plaintiff or applicant for the writ to state fully by affidavit the reasons why the action or proceeding is brought in this court instead of one of the inferior courts having concurrent jurisdiction."

For the reasons stated, the relief sought is denied and the action dismissed at the cost of plaintiffs.

PITCHFORD, V. C. J., and MILLER, ELTING. and KENNAMER, JJ., concur.