EAGLETON, C.
On April 20, 1926, suit was filed in the district court of Jackson county in the name of the state on relation of the Attorney General and the county attorney of Jackson county, against Wm. Cameron & -Company. The petition contained three causes of action. The first alleged an unfair combination of Wm. Cameron & Company and others engaged in the lumber -and -building supplies merchandising business in Altus and Jackson county to destroy by unfair trade practices the business of Geo. C. Wright Lumber Company. The second cause of action alleged unfair trade practices on the part of defendant company and its employees perpetrated for the purpose of destroying the business of Geo. C. Wright Lumber Company. The third cause of action alleged that defendant company operated in several separate communities withir( Jackson county and discriminated in the sales price of the merchandise sold in the several communities in violation of the laws of the state. The prayer was for the penalties provided by law and for an injunction against defendant company from further so conducting its business and committing the improper trade practices in violation of the public policy of the state.
Trial was had without the intervention of a jury. Judgment was entered for the defendant. The plaintiff appeals.
The plaintiff urges us to review and weigh the evidence and write such decree as will do no violence to any right of defendant, -but will save the public as well as private interests free from unlawful restraint or hindrance. The defendant counters with the asseveration that this is not a case lying wholly in equity, but is primarily a law case, which, if true, will inhibit us front reviewing and weighing the evidence.
If this is a law case, we may only look to the evidence to find whether or not there is any evidence which would reasonably sustain the judgment of the trial court. On the other hand, if it is an equity case, it is our duty to review and weigh the evidence, and if we find that the judgment is against the clear weight thereof, we should order the proper judgment entered.
Defendant further submits that, should *2 it be determined that we are authorized to weigh the evidence, the judgment of the trial court is not only not against the clear weight of the evidence, but is well sustained thereby.
To arrive at a characterization of these proceedings, it is necessary to look at our laws and constitutional provisions directed at the unfair trade practices of which the defendant in this cause is accused, and the remedies and penalties of which the state may avail itself in causing such practices to cease and the punishments which may be meted out therefor.
On December 25, 1890, the first act against trade combinations became effective in Oklahoma Territory. Chapter 83, Wilson’s Revised Laws of Oklahoma 1903. The violation of the terms thereof was made a misdemeanor and the person dealing with such a combination was given relief from the contracts made.
The Constitution of Oklahoma, in section 44, art. 5 thereof, is directed against unlawful combinations, monopolies, etc., in restraint of trade. Section 45, art. 9, is directed against monopolies and unfair and discriminatory trade practices.
The first Legislature after statehood, pursuant to the above sections of the Constitution, enacted a more comprehensive act directed against all unfair trade practices. It made the violation thereof a crime; defined the various practices against which it was intended to be directed; provided that the Attorney General, on being satisfied that such offenses had been committed (a) might enjoin said practices by proceeding as against nuisance; or (b) by proceedings, analogous to libel, forfeit to the state the property of the offender which was so used; or (c) he “may take both said proceedings.” Chapter 83, Session Laws 1907-1908.
The Legislature again enacted a general act directed against monopolies, unfair discriminations, unfair competition, and combinations. The violation of the terms thereof was made criminal. ’As to civil remedies, it was therein provided that the Attorney General might prosecute an action in the proper court to annul the charter or revoke the permit of such offending corporation and to enjoin permanently such corporation from doing business in this state. Chapter 114, Session Laws 1913.
The Revised Laws of 1910 became effective May 16, 1913, wherein the 1890 act and the 1907-1908 act were substantially re-enacted. Article 1, chapter 79, Revised Laws 1910.
The Compiled Oklahoma Statutes 1921, carry some, though not all, of the provisions of the three general acts above referred to. Article 1, c. 90; C. O. S. 1921.
Both the 1907-1908 act and the 1913 act above referred to provide that the remedies therein contained are cumulative of all other •remedies provided by law. So it seems that each of these general acts, at least the reme- ■ dies therein provided, as well as other remedies provided by general statutes, are retained in our law. Some slight changes by amendment have been made in these acts, but they are not essential to our consideration here.
By section 420, C. O. S. 1921, it is provided that:
“An injunction may be granted in the name of the state to enjoin and suppress the keeping and maintaining of a common nuisance. The petition therefor shall be verified by the county attorney, of the proper county, or by the Attorney General, upon information and belief. * * *”
This is substantially section 4440, Wilson’s Revised Statutes of Oklahoma 1903, under which it was held by the Territorial Supreme Court that unfair trade practices might be enjoined. Territory v. Long Bell Lumber Co., 22 Okla. 890; 99 Pac. 911. The petition filed herein was not verified, but no question was raised thereon or objection taken thereto in the trial court which would preserve that question for us here, so the same has been waived. Javine v. Javine, 134 Okla. 283, 273 Pac. 267; Rourke v. Culbertson, 78 Okla. 185, 189 Pac. 533; Farmers’ State Bank of Ada v. Keen, 66 Okla. 62, 167 Pac. 207; Franklin v. Jackson, 781 Okla. 15, 188 Pac. 325.
Again we have a quo warranto proceeding which may be filed by the state as provided, to wit:
“Fourth. When any corporation does or admits acts which amount to a surrender or a forfeiture of its rights and privileges as a corporation, or when any corporation abuses its power or intentionally exercises powers not conferred by law.” Section 459, C. O. S. 1921.
This action is well comprehended within the provisions of that section. Comm. of Pa. v. American Baseball Club (Pa.) 138 Atl. 497, 53 A. L. R. 1027, and note page 1038; State ex rel. Attorney General v. Atchison-Nebraska Railroad Co., 24 Neb. 143, 8 Am. St. Rep. 164, and note at page 179. A quo warranto proceeding is a legal action in which the defendant is entitled to a jury as a matter of right. Bradford v. Territory ex rel. Woods, 1 Okla. 366, 34 Pac. 66; State ex rel. West v. Cobb, County Judge, 24 Okla. *3 662, 104 Pac. 361; Jarman v. Mason, 102 Okla. 278, 229 Pac. 459.
Assuming, without deciding, that the petition herein states a good cause of action for a proceeding analogous to libel, we again find a law and not an equitable action.
“By the act constituting the judicial system of the United States, the district courts are courts both of common law ard admiralty jurisdiction. In the trial of all cases of seizure, on land or on waters not navigable, the court sits as a court of common law, and as in all cases at common law, where there are issues of fact to be determined, the trial must be by jury.” 12 R. C. L. page 133.
This court has held consonant therewith, that a party is entitled to a jury in suits involving the forfeiture of property used for illegal purposes. Keeter v. State ex rel. County Attorney, 82 Okla. 89, 198 Pac. 866, 17 A. L. R. 557, and note: Hoskins v. State ex rel. County Attorney, 82 Okla. 200, 200 Pac. 168: One Palge Touring Car v. State, 83 Okla. 40, 200 Pac. 852. See, also, State of Oregon v. 192 Studebaker Touring Car (Ore.) 251 Pac. 701, 50 L. R. 81, and note.
This court has also recognized the rule “(a) That the proceeding to recover the penalty is the punishment of an offense; (b) that while this proceeding punishes an offense, it at the same time is in the nature of a civil action, and is governed by the rules of procedure applicable to civil instead of criminal cases.” Stout v. State ex rel. Caldwell, 36 Okla. 744, 130 Pae. 553, 45 L. R. A. (N. S.) 884, Ann. Cas. 1916E, 858. It was further determined in the Stout Case as announced in the syllabus thereof:
“Section 4191, Comp. Laws 1909, imposing, as the penalty for the offense there described a penalty to be recovered at the suit of the state, and a fine and imprisonment to be administered in a criminal prosecution, is not in conflict with article 2, sec. 21, of the Constitution, which provides, ‘Nor shall any person be twice put in jeopardy of life and liberty for the same offense.’ ”
“The fact that the Constitution prescribes the punishment for the sale of intoxicating liquors does not prevent the Legislature from imposing other and different or greater punishment for using or permitting one’s premises to be used for the sale of intoxicating liquors, as the two offenses are separate and distinct, and require different proof to support them.”
It will thus be seen that we have provisions of law authorizing punishment to be meted out at the instance of the state for the commission of the offenses described íd our several unfair trade practices acts and in the Constitution, to wit: By criminal prosecution in which fines may be assessed and the offenders may be imprisoned; or by civil action (a) the license to do business may be forfeited, and (b) penalties in the nature of forfeitures may be had, or that cessation thereof may be caused by an injunction.
Filing a suit for the recovery of the penalties, even though a trial of the criminal charge may have been had, is not double jeopardy within the provisions of section 21, art. 2, Constitution. Stout v. State ex rel. Caldwell, supra.
The petition in this cause is filed for two purposes, one to recover the penalties allowed by law, which are in their nature penal, and to enjoin the further commission of the offenses complained of. Though the relief prayed for is founded upon the identical facts, the purpose of the two actions which have been combined into one are entirely different. The action for penalties is a law action triable to a jury; the injunctive action is of equitable cognizance. Neither relief is paramount to or a foundation for the other. Where the plaintiff declares upon two such causes of action, one cognizable in law, the other in equity, the court at his discretion may submit the equity case to the jury, but he is required to submit- the law case to a jury, unless the same has been waived. Chouteau v. Hornbeck, 125 Okla. 254, 257 Pac. 372.
The trial court found generally on the facts and entered judgment for the defendant. On the law feature of the action, the record discloses that the judgment is reasonably sustained by the evidence. On the equitable phase of the proceedings, no question having been presented as to our weighing the evidence by reason of the determination of the law case, we have reviewed and weighed the evidence and find that the judgment is well sustained thereby. Under the evidence adduced, we would not be justified in finding that a combination had been entered into between defendant company and others, or that the defendant company and its employees, alone, had conspired and endeavored to destroy competition in Altus or the business of Geo. C. Wright Lumber Company. Nor would we be justified in holding tfiat the defendant company was guilty of unfair discrimination in the several communities which it served in Jackson county. The evidence shows conditions existing to be rather the result of an excess in number of those engaged in the lumber and building *4 materials field in Altus, which, by reason of legitimate competition reacted in lowering the cost therefor to the people purchasing this merchandise in that city.
The cause is therefore affirmed.
BENNETT, REID, DIFFENDAFFER, HERR, LEAOH, and HALL, Oommissioners, concur. .
TEEHEE, Commissioner, disqualified.
By the Court:
It is so ordered.