FRANK W. HAENKY *et al.* v. JOSEPH WEISHAAR *et al.*

No. 12,119.   ( 68 Pac. 610.)

SYLLABUS BY THE COURT.

PRACTICE, SUPREME COURT—*Pleading and Proof.* Where there is no evidence in the record fairly proving a material and essential fact alleged in the petition, the judgment of the court below will be reversed.

Error from Jefferson district court; MARSHALL GEPHART, judge.   Opinion filed April 5, 1902.   Reversed.

*Tufts & Crowell, Henry Elliston,* and *Morse & Casebier,* for plaintiffs in error.

*Gilluly & Stanley,* and *Waters & Waters,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This action was brought by Joseph, John, Peter and Benjamin Weishaar against Frank W. Haenky and his wife, Libbie Haenky, the heirs of Anthony G. Weishaar, deceased, and others, to have the court declare a resulting trust of certain real estate situated in Jefferson county in John Haenky for the benefit of the plaintiffs and the defendant, Frank W. Haenky, and the heirs of Anthony G. Weishaar, deceased, and to set aside a deed thereto given by John Haenky to Frank W. Haenky, and also to partition the said real estate according to the respective rights of the parties, and for other relief as to other defendants.   The questions involving the rights of all the other parties to this litigation, except those of the Weishaars and Haenkys, have been settled. At the trial below, plaintiffs recovered judgment as

prayed for in their petition, from which the Haenkys prosecuted proceedings in error.

It appears from the petition in this case that in 1857 Anthony Weishaar, the father of the plaintiffs and of the deceased Anthony G. Weishaar, whose heirs are made defendants in this action, died intestate, leaving eighty acres of land in Jefferson county (which will hereafter be called the homestead) ; that his heirs were his widow, Mary Ann Weishaar, and their children, the plaintiffs, and Anthony G. Weishaar, deceased.

In 1863 Mary Ann Weishaar intermarried with one John Haenky. At the time of this marriage, the plaintiffs in this action and Anthony G. Weishaar, deceased, were aged respectively from eleven to eighteen years, and were on the homestead in Jefferson county with their mother, Mary Ann Weishaar. In addition to the homestead they owned some twenty-five head of cattle, a team of horses, farming implements, and a few hogs. The homestead at that time had a small log house on it, in which the widow and her children lived.

It was claimed in the original petition that the resulting trust was created by a written antenuptial agreement entered into between John Haenky and Mary Ann Weishaar. The only evidence of this alleged written antenuptial agreement, either at the original or the subsequent trial had on the amended petition, was the testimony of one Charles Tholen, who testified that he was a lawyer ; that in 1863 he had an office in Leavenworth ; and that John Haenky and Mrs. Weishaar came to his office before they were married and signed an antenuptial agreement which he drew.

The contents of this agreement, as testified to by him, were as follows :

"The contents of that paper was that she, having a piece of property, a farm in the country—I think she said Jefferson county, but I would not be positive about it—eighty acres of land, having a farm and having five children, five sons, and Haenky, who at that time kept a boarding-house, which was on Seneca street, between Third and Fourth, was about to be married to her, having sons in Illinois or children in Illinois, and having also some property there, this paper provided that if, after the marriage, if she should die—Mrs. Weishaar should die—that her children should inherit her property and also all the accumulations of that property, and Haenky should have the right of possession during his lifetime and the enjoyment of that property and accumulations thereof as long as he lived ; that after his death the property should be divided in shares between Mrs. Weishaar's children and whatever children they might have—Mr. Haenky and Mrs. Weishaar—during their marriage, such child or children should share in equal shares together with those five children.   And the children in Illinois of Mr. Haenky to have nothing.   And then, again, on the other side, if Mr. Haenky should die first, then Mrs. Haenky or her children did not inherit any property of Mr. Haenky in Illinois.   Illinois was mentioned, I recollect that.   That was about the contents of the paper."

It appears that after the marriage John Haenky went with his wife to live on this homestead and remained there until after her death and a short time before his death ; that the children of Mrs. Weishaar remained on the farm, tilling the cultivable land, renting other lands and farming such, or working for the neighbors and turning the proceeds of their labor over to their parents, until they arrived at the age of majority.   To this latter marriage there was born one son, Frank W. Haenky, the plaintiff in error.   While

this marriage relation existed other lands were pur-
chased by John Haenky, consisting at one time of 160
acres and at another time 80 acres. All the business
in connection with the purchase of these lands was
transacted by John Haenky, and, so far as the evi-
dence goes, without consulting either his wife or the
Weishaar boys. The title thereto was taken in his
own name, where it remained without apparent ob-
jection until he conveyed it to his son, Frank W.
Haenky, a short time before the death of the former;
it is this deed which is sought to be set aside.

This is the second appearance of this litigation in
this court. (*Haenky v. Weishaar*, 59 Kan. 206, 52 Pac.
437.) In the former case there was no claim of any
oral antenuptial or postnuptial agreement; the sole
claim was that the trust was based on the written
antenuptial agreement, testified to by Tholen. It
was held in that case that the antenuptial agreement,
testified to by Tholen, was not broad enough or suffi-
ciently definite to establish or sustain the claim of the
Weishaar boys to the lands subsequently purchased
by John Haenky, and the judgment of the court be-
low was reversed and the cause remanded for a new
trial. After the cause was remanded, the plaintiffs
below obtained leave and amended their original peti-
tion by alleging, in addition to the facts stated therein,
that prior and subsequently to making the written
antenuptial agreement there was an oral agreement
entered into by John Haenky and Mrs. Weishaar, by
which it was agreed that the Weishaar boys should
remain on the farm with their parents, assist them in
accumulating property, and that all property so ac-
cumulated by the joint efforts of the parents and the
Weishaar boys should be owned jointly, and equally
divided between any issue of their marriage and the

Weishaar boys, upon the death of Mr. and Mrs. Haenky ; that after the marriage this agreement was made known to the Weishaar boys, who, with such understanding, remained at home working for their parents, hired themselves out for wages and turned the proceeds of their earnings over to their parents, and it was their labor and earnings, and the property owned by them and their mother at the time of her marriage, that paid for the land purchased by John Haenky, which is the subject-matter of this litigation ; that John Haenky took the title in his own name, in trust for the joint benefit of the Weishaar boys and Frank W. Haenky, and Frank W. Haenky at all times knew of such agreement and knew that this land was purchased by the earnings of the Weishaar boys for his and their joint benefit, and that John Haenky held the title in trust for such persons.

As there was and could be no change in the ante-nuptial written agreement relied on by the plaintiffs below to recover in the former trial, and as this court held that a recovery could not be had on that agreement, it is not a subject of consideration at this time.

The question presented to us is, Does the evidence in the record tend to prove the facts set out in the petition by amendment, namely, the existence of the oral antenuptial and postnuptial agreement, by which the Weishaar boys were to have an interest in all real estate owned by John Haenky at his death ? This must be answered in the negative. There is no evidence in the record tending to show that there was either a postnuptial or antenuptial oral agreement entered into between John Haenky and Mrs. Weishaar. There is, however, evidence tending to show that John Haenky had said that he and his wife had made a will fixing the property so it would go to all of the boys

46—64 KAN.

equally.   There is no evidence tending to prove that any oral agreement was made, or that the Weishaar boys understood from anything that was said in their presence that such an agreement existed.   The evidence is that until the Weishaar boys arrived at the age of majority they made the home of their parents their home and that the parents furnished their clothes; that they worked, as other boys work on farms, for their parents, who were entitled to their services until they arrived at the age of majority. This oral agreement being the only additional ground alleged in the amended petition on which the plaintiffs could recover, and they having entirely failed to prove such fact, the judgment of the court below is reversed and the cause remanded.

DOSTER, C.J., SMITH, ELLIS, JJ., concurring.