DENNEE vs McCoy.

Opinion delivered September 25, 1902.

1.  *U. S. Commissioners Courts—Number of Jury—Not Constitutional Trial by Jury.*

    The jury in U. S. Commissioners Courts is impanelled under the law of Arkansas relating to justices of the peace and hence, it can ,consist of no more than twelve in number. Such a trial, however, is not a trial by jury in the sense of the 7th Amendment to U. S. Constitution.

2.  *Right of Trial by Jury—Waiver of.*

    A waiver of jury in a trial before a U. S. Commissioner is not a waiver of the party's constitutional right to a trial by jury in the District Court, when the case is taken up on appeal, for trial de novo.

3.  *Appeal—U. S. Commissioners Courts—Jurisdictional Amount.*

    Act of Congress March 1, 1895, (28 Stat. 693) is unconstitutional in so far as it prohibits appeals from U. S. Commissioner's Courts where the amount in controversy exceeds $20.00, as denying the right by jury. Appeals are allowed, in all such cases of trial notwithstanding the "amount of judgment" does not exceed $20.00.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by R. S. Dennee against N. H. McCoy. From an order dismissing plaintiff's appeal from a judgment for defendant, plaintiff appeals. Reversed.

*C. L. Herbert, J. C. Graham* and *W. D. Gibbs,* for appellant.

*Thos. Norman,* for appellee.

RAYMOND, J. The plaintiff, R. S. Dennee, brought his suit before a United States Commissioner in the Southern District of the Indian Territory, and filed a complaint therein on November 8, 1898, as follows: "In the United States Commissioner's Court for the Indian Territory, Southern District of the Indian Territory, at Ardmore. The petition of R. Stewart Dennee, a citizen of the United States, domiciled in Ardmore, Southern district, Indian Territory, respectfully represents that Nelson H. McCoy, also a citizen of the United States, domiciled in the town, district, and territory aforesaid, is justly and truly indebted to him in the full sum of two hundred and thirty-nine dollars ($239), with judicial interest from the 27th day of April, 1897, for this, to wit, :(1) Petitioner alleges: As an attorney he was employed by the said N. H. McCoy to defend him in suit No. 2,343, entitled 'J. A. Bivins et al vs N. H. McCoy 'on the docket of the United States court, Indian Territory, Southern District, which said record is made a part hereof, and in all things said defense was successful for the purposes of said McCoy, and the professional services so rendered by said petitioner were well worth the sum of seventy-five dollars, and that said sum is due and unpaid. (2) Petitioner further alleges that the said McCoy employed him in his professional capacity to defend him, said McCoy in suit No. 1,993, entitled 'S. M. Stansbury vs J. J. Chandler et al.' on the docket of the United States Court, Indian Territory, Southern District, which said record is made a part hereof, wherein the sum of $820 and upwards was involved, and the making of said defense is well worth the sum of 10 per cent. on the amount in question, to wit, the sum of $82, and that said amount is due and unpaid. (3) Petitioner further alleges that said McCoy employed him in his professional capacity to defend him, said McCoy, in suit No. 2,185, entitled 'S. M. Stansbury vs J. J. Chandler et al.' on the docket of the United States Court Southern District, Indian Territory, which said record is made

a part hereof, wherein the sum of $820 and upwards was involved, and the making of said defense is well worth the sum of 10 per cent. on the amount in question, to wit, the sum of $82, and that said sum is due and unpaid. Petitioner alleges amicable demand, and payment refused. Wherefore, the premises considered, plaintiff prays the citation of the said Nelson H. McCoy, and, after due proceedings had, he have judgment against the said Nelson H. McCoy, the defendant, in the sum of two hundred and thirty-nine dollars ($239), with judicial interest from the 27th day of April, 1897, and for costs and general relief." On the same day the defendant filed the following answer: "Now comes the defendant, and states that on or about the ——— day of ——— the defendant brought an action of replevin against R. S. Dennee to recover certain personal property. Said Dennee answered and set up the same identical facts in his answer which he now advances as his grounds of this action, claiming that said services were performed by him in payment of the mortgage debt which was the foundation of McCoy's claim. Plaintiff, McCoy, recovered judgment in his favor, from which judgment said Dennee appealed, and said cause is now pending on appeal in the United States Court at Ardmore, Ind. Ter., and said services are set up in said cause as a payment of said mortgage debt. The services set up, in the one case as a defense of payment, and in the other as a foundation of plaintiff's claim, are identical,— one and the same. Afterwards, to wit, on or about the ——— day of ———, said Dennee instituted an action in this court against said Nelson H. McCoy, based upon the same identical facts set forth in his complaint in this suit. Said McCoy answered in said suit, and, upon trial of said cause, plaintiff's action was dismissed because of a former suit pending in which the same grounds for action were set up,—in that case as a foundation of a claim, in the case before that case as a defense of payment of plaintiff's (here the defendant's) claim. Because of all which the question of a former suit's pending is now res adjudicata.

Defendant, further answering, denies he owes the plaintiff the sum sued for, or any part thereof, but alleges the truth to be that he and plaintiff herein, at the time the several suits mentioned in the complaint, herein were filed were intimate associates; that defendant voluntarily performed many acts for plaintiff. Because of those services voluntarily performed by defendant herein for plaintiff, the plaintiff, in return thereto, promised and agreed to perform his services in the suits mentioned in his complaint, gratuitously and without any charge to defendant herein. Wherefore defendant says he does not owe plaintiff anything, and he asks that plaintiff recover nothing, and that defendant recover his costs and all other proper and suitable relief." When the cause came on for hearing before the United States commissioner, the plaintiff waived a jury, and the cause was heard by the court, who rendered a judgment aganist the plaintiff for costs of suit. There was an appeal taken by the plaintiff to the United States Court for the Southern District of the Indian Territory, and in that court the defendant filed a motion to dismiss the appeal because the judgment appealed from was less than $20, exclusive of costs. This motion was by the court sustained, and an appeal was taken to this court and the record was filed here August 20, 1900. The only question presented for our consideration is whether or not the trial court erred in dismissing the appeal of appellant.

Section 4 of the act of congress approved March 1, 1895, (chapter 3, Ind. Ter. Ann. St. 1899), and entitled "An act to provide for the appointment of additional judges of the United States Court in the Indian Territory, and for other purposes," among other things, provides: "The original jurisdiction of such commissioners as justices of the peace in civil cases, shall in all those classes of cases where jurisdiction is by this act conferred upon the United States Court in the Indian Territory, be exclusive, where the amount or value of the demand, or of the property

or thing in controvesry, does not exceed one hundred dollars.
* * * Appeals may be taken to the United States Court in the
Indian Territory in said districts respectively from the final
judgment of said commissioners acting as justices of the peace in
all cases, and such appeals shall be taken in the manner that
appeals may be taken from the final judgments of the justices
of the peace under the provisions of chapter 91, Mansf. Dig.
(chapter 41, Ind. Ter. Ann. St. 1899), in civil cases, and chapter
46 (chapter 20) in criminal cases, provided that no appeal shall
be allowed in civil cases where the amount of the judgment
exclusive of costs does not exceed twenty dollars." 28 Stat.
693. The seventh amendment to the constitution of the United
States is as follows :" In suits at common law, where the value in
controversy shall exceed twenty dollars, the right of trial by
jury shall be preserved, and no fact tried by a jury shall be other-
wise re-examined in any court of the United States than accord-
ing to the rules of common law." Mr. Black, in his work on Con-
stitutional law, in discussing this amendment, on page 511, says:
" The terms 'jury' and 'trial by jury' are, and for ages have been,
well known in the language of the law. They were used at the
adoption of the constitution, and always, it is believed, before
that time, and almost always since, in a single sense. A jury for
the trial of a cause was a body of twelve men, described as
upright, well-qualified, and lawful men, disinterested and im-
partial, not of kin nor personal dependants of either of the parties,
having their homes within the jurisdictional limits of the court,
drawn and selected by officers free from all bias in favor of or
against either party, duly impaneled under the direction of a
competent court, sworn to render a true verdict according to the
law and the evidence given them. who, after hearing the parties
and their evidence, and receiving the instructions of the court
relative to the law involved in the trial, and deliberating, when
necessary, apart from all extraneous influences, must return
their unanimous verdict upon the issues submitted to them."

Whenever the right of trial by jury is preserved and guaranteed by the constitution, a common-law jury is meant; and at common law a jury was always composed of twelve men,—no more, no less. The Supreme Court of the United States, in the case of Traction Go. vs Hof. 174 U. S. 1, 19 Sup. Ct. 580, 43 L. Ed. 873, in passing upon a question similar to this, says: "The trial by jury allowed by the seventh section of the act of March 1, 1823 (3 Stat. 744), in a court of record, in .the presence of a judge having the usual powers of superintending the course of the trial, instructing the jury on the law, and advising them on the facts, and setting aside their verdict if, in his opinion, against the law or the evidence, was undoubtedly a trial by jury in the sense of the common law and of the seventh amendment to the constitution. But a trial by a jury before a justice of the peace, pursuant to sections 15 and 16 of the act, was of quite a different character. Congress, in regulating this matter, might doubtless allow cases within the original jurisdiction of a justice of the peace to be tried and decided in the first instance by any specified number of persons in his presence. But such persons, even if required to be twelve in number, and called a 'jury,' were rather in the nature of special commissioners or referees. A justice of the peace, having no other powers than those conferred by congress on such an officer in the District of Columbia ,was not, properly speaking, a judge, or his tribunal a court; least of all, a court of record. The proceedings before him were not according to the course of the common law. His authority was created and defined by, and rested upon, the acts of congress only. The act of 1823, in permitting cases before him to be tried by jury, did not require him to superinted the course of the trial, or to instruct the jury in matter of law; nor did it authorize him, upon the return of their verdict, to arrest judgment upon it, or to set it aside, for any cause whatever, but made it his duty to enter judgment upon it forthwith, as a thing of course. A body of men so free from judicial control was not a common-law jury;

nor was a trial by them a trial by jury, within the meaning of the seventh amendment to the constitution. It was no more a jury, in the constitutional sense, than it would have been if it had consisted, as has been more usual in statutes authorizing trials by a jury before a justice of the peace, of less than twelve men. There was nothing, therefore, either in the constitution of the United States or in the act of congress, to prevent facts once tried by such a jury before a justice of the peace from being tried anew by a constitutional jury in the appellate court. Upon the whole matter, our conclusion is, that congress, in the exercise of its general and exclusive power of legislation over the District of Columbia, may provide for the trial of civil cases of a moderate amount by a justice of the peace, or, in his presence, by a jury of twelve, or any less number, allowing to either party, where the value in controversy exceeds twenty dollars, the right to appeal from the judgment of the justice of the peace to a court of record, and to have a trial by jury in that court; that congress in every case where the value in controversy exceeds five dollars, has authorized either party to appeal from the judgment of the judgment of the justice of the peace, although entered upon the verdict of a jury, to the Supreme Court of the District of Columbia, and to have a trial by jury in that court; that the trial by a jury of twelve, as permitted by congress to be had before a justice of the peace, is not, and the trial by jury in the appellate court is, a trial by jury, within the meaning of the common law and of the seventh amendment to the constitution; that therefore the trial of facts by a jury before the justice of the peace does not prevent those facts from being re-examined by a jury in the appellate court; that the right of trial by a jury in the appellate court is not unduly obstructed by the provisions enlarging the civil jurisdiction of justices of the peace to three hundred dollars, and requiring every appellant to give security to pay and satisfy the judgment of the appellate court; that the legislation of congress upon the subject is in all respects consis-

tent with the constitution of the United States; and that upon these grounds the judgment of the court of appeals quashing the writ of certiorari to the justice of the peace must be affirmed. The effect of so affirming that judgment will be to leave the claim of Hof against the Capital Traction Company open to be tried by a jury before the justice of the peace, and, after his judgment upon their verdict, to be taken by appeal to the Supreme Court of the District of Columbia, and to be there tried by jury on the demand of either party."

. United States commissioners in the Indian Territory have the same jurisdiction in civil cases that justices of the peace have in the State of Arkansas, and the law governing them is the same as the law governing justices of the peace in that state. They have the power to impanel a jury of six men, and no more. It is not for them to instruct the jury on matters of law, nor can they grant a motion for a new trial. Mr. Justice Clayton, in delivering the opinoin of this court in passing upon a similar question in Luce vs Garrett, p.—— herein (64 S. W. 613), says: "A trial before a jury, even of twelve men, in a commissioner's court, by this decision, by which we are bound, is not a trial by jury in the sense of the seventh amendment to the constitution of the United States, and, inasmuch as the amount in controversy in this case is more than twenty dollars, it is clear that appellant, having the constitutional right of a trial by jury, and only being enabled by statute to secure that right by an appeal, is entitled to his appeal, and thereby to have his case tried by a jury in a court having the power to impanel a constitutional jury. And as this is a constitutional right, it cannot be taken away from him by statute. But the statute of March 1, 1895, makes the amount of the judgment, and not the amount in controversy, as provided by the constitution, the test. It is true that the constitution makes the right of a trial by jury depend upon the amount in contro-

versy; and the statute, the right of an appeal to depend upon the amount of the judgment; but inasmuch as, under the circumstances, a legal jury trial can only be obtained through an appeal, an appeal, if applied for, must in all cases be granted where the amount in controversy exceeds twenty dollars. If the statute is to be followed, then in all cases where the amount in controversy is more than twenty dollars, and the judgment less than that amount, the parties will be deprived of an important constitutional right, to wit, the right of a trial by jury of a cause in which by the constitution they are guaranteed that right. It seems clear to us that the statute, in so far as it makes an appeal from a commissioner's court depend upon the amount of the judgment, rather than the amount in controversy, is unconstitutional and void; and so we hold. We lay down the law governing the trial of actions at law before United States commissioners in this jurisdiction to be: First, that, in all cases where a jury is demanded, a jury of six men shall be impaneled, unless the parties agree to try with a less number; and, second, that, in all cases where the amount in controversy shall exceed twenty dollars the parties shall be entitled to their appeal." The fact that the appellant waived the jury before the United States commissioner cannot be taken to mean that he has waived his right to trial by jury in the United States District Court.

For the error indicated, the judgment of the lower court is reversed, and the cause remanded.