## KEETER v. STATE ex rel. SAYE, Co. Atty.

No. 9915—Opinion Filed May 31, 1921.

(Syllabus.)

**1. Jury—Right to Jury Trial—Constitutional Guaranty.**

The right to trial by jury, declared inviolate by section 19, art. 2, of the Constitution of Oklahoma, except as modified by the Constitution itself, has reference to the right as it existed in the territories at the time of the adoption of the Constitution, and the right to a jury trial therein referred to was not predicated upon the statutes existing in the territories at that time, but the right as guaranteed under the federal Constitution and according to the course of the common law.

**2. Same—Forfeiture of Property Under Enforcement Law.**

Section 2, ch. 188, of the Session Laws of 1917, which provides: "The court having jurisdiction of the property so seized shall without a jury order an immediate hearing as to whether the property so seized was being used for unlawful purposes, and take such legal evidence as are offered on each behalf and determine the same as in civil cases"—is repugnant to the seventh amendment of the federal Constitution of the United States and section 19, art. 2, of the Constitution of the state of Oklahoma, because it violates the provisions of said Constitution guaranteeing the right of trial by jury, and is therefore void to the extent that it abridges the right of trial by jury.

**3. Same.**

In an action for the forfeiture of property under chapter 188 of the Session Laws of 1917, wherein the claimant of said property, or party interested in the same, files proper pleading, raising an issue of fact sufficient to constitute a defense to a right of the state to forfeit said property, such party is entitled to a jury trial, and it being provided in said act that the court may determine said action as a civil case, the court is authorized to proceed with said cause as provided for the trial of any other civil action.

**4. Intoxicating Liquors—Forfeiture of Automobile Used to Convey—Insufficiency of Evidence.**

In an action to forfeit an automobile under chapter 188 of the Session Laws of 1917, where the evidence introduced on behalf of the state fails to show that said automobile was used in transporting prohibited liquor

from one place to another in this state, as provided in section 1 of said act, and the claimant, at the close of the evidence introduced by the state, demurs to the evidence, it is the duty of the trial court to sustain the demurrer and dismiss the action. The evidence in this cause examined and held insufficient to support the judgment of the court.

Kane, Johnson, and McNeill, JJ., dissenting.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by the State, on the relation of Ben F. Saye, County Attorney, to forfeit One Hudson Super-Six Automobile; Lester Keeter intervening as claimant. Judgment for State forfeiting automobile, and claimant appeals. Reversed and remanded, with directions to dismiss the action.

Bridges & Vertrees, J. H. Harper, and Turner & McAdams, for plaintiff in error.

KENNAMER, J. This action was instituted in the county court of Jefferson county by the county attorney of said county on the 28th day of October, 1917, to forfeit to the state of Oklahoma one "Hudson Super-Six Automobile." The material part of the petition filed in this proceeding is as follows, to wit:

"That on the 26th day of October, 1917, the said Hugh Treadwell and George Allman, seized and took into their possession and custody one Hudson Super-Six Automobile, No. —; that at the time it was so seized it was being used by one Lester Keeter, herein defendant, to convey intoxicating liquor into Jefferson county, state of Oklahoma, in violation of the prohibitory laws of the state of Oklahoma; that such conveyance occurred in the presence of said affiant and the said George Allman at the ferry on Red river, about five miles southwest of the city of Waurika, Jefferson county, Oklahoma."

Lester Keeter filed answer and interplea to the petition, alleging that he was the owner and entitled to the immediate possession of the car in controversy, denying that he had ever used the same in violation of the prohibitory laws of the state of Oklahoma, alleging the value of the car to be $1,750. The cause was transferred to the district court, and on the 3rd day of November, 1917, said cause was called for trial before the Honorable Cham Jones, district judge, and the state appeared by Ben F. Saye, county attorney, and announced ready for trial; the claimant and interpleader, Lester Keeter, appeared in person and by his attorneys moved the court to grant the claimant a trial by jury of the controverted issues in the cause, which demand was by the court overruled, and claimant excepted. After the introduction of the testimony on behalf of the state the claimant demurred to the testimony, which demurrer was by the court overruled and exceptions allowed. Judgment was entered forfeiting the car. The claimant, Lester Keeter, prosecutes this appeal.

Two questions are presented for decision: First, Did the court err in refusing to grant the claimant a trial of the controverted issues by a jury? Second, Did the court err in overruling the claimant's demurrer to the testimony of the state? We will first consider the question presented on the right of trial by a jury by the claimant in this cause. This proceeding is prosecuted under chapter 188 of the Session Laws of 1917, which reads as follows:

"Section 1. All vehicles, including automobiles, and all animals used in hauling or transporting any liquor, the sale of which is prohibited by the laws of this state, from one place to another in this state in violation of the laws thereof, shall be forfeited to the state by order of the court issuing the process by virtue of which such vehicles and animals were seized, or before which the persons violating the law, or the vehicles or animals are taken by the officer or the officers making the seizure.

"Section 2. The court having jurisdiction of the property so seized shall without a jury order an immediate hearing as to whether the property so seized was being used for unlawful purposes, and take such legal evidence as are offered on each behalf and determine the same as in civil cases. Should the court find from a preponderance of the testimony that the property so seized was being used for the unlawful transportation of liquor under the laws of this state, it shall render judgment accordingly and declare said property forfeited to the state of Oklahoma. Thereupon, said property shall, under the order of said court, be sold by the officer having the same in charge after ten days' notice published in a daily newspaper of the county wherein said sale is to take place, or if no daily newspaper is published in said county, then by posting five notices in conspicuous places in the city or town wherein such sale is to be made. Such sales shall be for cash."

It is contended by counsel for the claimant, plaintiff in error in this cause, that section 2 of said act of the Legislature of 1917, supra, which denies to the claimant the right of a trial by jury, violates section 19, art. 2, of the Constitution of the state of Oklahoma, which is as follows:

"The right of trial by jury shall be and remain inviolate, and a jury for the trial

of civil and criminal cases in courts of record, other than county courts, shall consist of twelve men; but, in county courts and courts not of record, a jury shall consist of six men. This section shall not be so construed as to prevent limitations being fixed by law upon the right of appeal from judgments of courts not of record in civil cases concerning causes of action involving less than twenty dollars. In civil cases, and in criminal cases less than felonies, three-fourths of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein."

This court has heretofore construed section 19, supra, but upon a careful examination of the decisions we are convinced that the decisions construing said section are not in harmony. In the case of Baker v. Newton, 27 Okla. 436, 445, 112 Pac. 1034, Mr. Justice Hayes, delivering the opinion of the court, said:

"The question, therefore, arises: What constitutes a trial by jury as guaranteed by the Constitution? This question has been under investigation by many courts of the nation, both state and federal, and there is unanimity in the opinions that the right of trial by jury secured by the Constitutions of the various states is simply the right to a trial by jury constituted substantially and with the same elements and incidents as existed when the Constitution was adopted. Carroll v. Byers et al. (Ariz.) 26 Pac. 599; State ex rel. v. Withrow, 133 Mo. 500; Byers v. Commonwealth, 42 Penn. St. 89; Plimpton v. Somerset, 33 Vt. 283. 'The trial by jury secured to the subject by the Constitution is a trial according to the course of common law, and the same in substance as that which was in use when the Constitution was formed.' East Kingston v. Towle, 48 N. H. 64. See, also, Copp v. Henniker, 5 N. H. 179; Hagan v. Cohnen et al., 29 Ohio St. 82. Judge Cooley, discussing these provisions, said: 'All the state Constitutions preserve the right of trial by jury, for civil as well as for criminal cases, with such exceptions as are specified, and which for the most part consist in such cases as are of small consequence, and are triable in inferior courts. The constitutional provisions do not extend the right; they only secure it in the cases in which it was a matter of right before. But in doing this, they preserve the historical jury of twelve men, with all its incidents, unless a contrary purpose clearly appears.' (Cooley's Constitutional Limitations, 589). The territory now embraced within the territorial limits of the state was, before the admission of the state, by virtue of section 3, art. 4, of the federal Constitution, under the jurisdiction of Congress, with power to make all needful rules and regulations with respect thereto. By section 31 of Act of Cong. May 2, 1890 (26 Stat. L. ch. 182, page 81), the Constitution of the United States was specifically put in force in the Indian Territory. The same act authorized the establishment of an organized territorial government in Oklahoma Territory. Section 6 confers upon the territorial Legislature power over all rightful subjects of legislation not inconsistent with the Constitution and laws of the United States. See Bradford v Territory, 1 Okla. 366. By these statutory provisions, the federal Constitution, if it did not operate ex proprio vigore in this jurisdiction before the admission of the state, was put in force and the people were guaranteed by the seventh amendment thereto the right of trial by jury. American Pub. Co. v. Fisher, 166 U. S. 464. The amendment provides: 'In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. * * *' As to what constitutes the 'trial by jury' here preserved, has been decided in the Supreme Court of the United States. The jury must consist of twelve men, who shall be unanimous in their verdict. The trial must be under the superintendence of a judge empowered to instruct them in the law and to set aside their verdict if, in his opinion, it is against the evidence or the law. American Pub. Co. v. Fisher, supra; Capital Traction Co. v. Hof, 174 U. S. 1. Power of the trial judge to instruct the jury upon the law to set the verdict aside, if it is against the law or evidence, is as much an essential element of a trial by jury as twelve men and unanimity in their verdict. Luce v. Garrett (Ind. Ter.) 64 S. W. 613. Trial by jury in the Indian Territory and Oklahoma Territory at the time of the adoption of the Constitution was attended by all these incidents. It is true that in the trials in probate and justice courts of Oklahoma Territory the jury consisted of six men, and the justice of the peace was without power to instruct the jury; and in commissioners' courts of the Indian Territory, while the jury might consist of twelve men, it generally consisted of six, and the United States commissioner was without power to instruct the jury or to hear or grant a motion for a new trial; but from all these courts an appeal was allowed by the statute to a court where a trial with all the foregoing elements and incidents could be had, and the mandate of the seventh amendment thereby observed. American Pub. Co. v. Fisher, supra; Luce v. Garrett, supra; Dennee v. McCoy (Ind. Ter.) 69 S. W. 858. As before stated, under the Code of Civil Procedure governing the trial of causes before the justices of the peace in Oklahoma Territory, the jury was composed of six men, and the justice is prohibited from instructing the jury either upon the law or the facts. Sections 5019 and 5028, Wilson's Rev. and Ann. Statutes. It would follow that if trial by

a jury is preserved by the state Constitution, as it existed at the time of the adoption of the Constitution, the jury trial, under the justice procedure, would fail to contain all the essential elements of such trial. The seventh amendment to the United States Constitution is, however, a limitation only upon the powers of the federal government, and does not affect the powers of the state; and the states may provide for a different trial than that preserved by the amendment to the citizens of the United States. The constitutional provision preserving trial by jury in this state specifically eliminates some of the features thereof as it existed before the admission of the state. Section 19, art. 2, after providing that the right of trial by jury shall be and remain inviolate, specifically provides that in county courts and courts not of record a jury shall consist of six men; and in all civil cases and in criminal cases less than felonies, three-fourths of the whole number of jurors shall have power to render a verdict. By these provisions unanimity in the verdict is no longer required in any civil case, and the number constituting the jury, as to county courts, is reduced from twelve to six; but, except as to these two important changes in the features of the jury trial as it existed at common law, the preceding clause of the section provides that the trial by jury shall be and remain inviolate. It was evidently intended by such declaration of right that those essential features of the jury trial, as existed before the admission of the state, not specifically modified by the Constitution, should be preserved."

Upon a careful consideration of this case and the authorities cited therein it is obvious that the rule is well established that under section 19 of the Bill of Rights of the Constitution the trial by jury secured to the citizens of this state is the same right to a trial by jury as existed upon the admission of Oklahoma into the Union as a state, and the same right as a trial by jury according to the course of the common law as it existed when the Constitution of the state was adopted, except as modified by the provisions of the Constitution, and it has been almost uniformly held by the federal and state courts that the claimants in this class of cases are entitled to a trial by jury and that acts depriving them of that right violate both the state and federal Constitutions and are void. Garnhart et al. v. United States, 16 Wall. 162-166; United States v. Athens Armory, Fed. Cas. No. 14, 473; Colon et al. v. Lisk et al., 153 N. Y. 188, 47 N. E. 302.

In the case of One Cadillac Automobile (Hargrove, Claimant) v. State, 75 Okla. 134, 182 Pac. 227, this court held that the claimant was not entitled to a trial by jury, and that section 2 of chapter 188 of the Session Laws of 1917 was not repugnant to the Constitution, but the decision adhered to the rule announced in the case of Baker v. Newton, supra, that section 19 of the Bill of Rights preserved to the people of this state the right of a trial by a jury according to the course of the common law as it existed upon the admission of Oklahoma into the Union, except where the right was modified by other provisions of the Constitution, and the opinion in part is as follows:

"At common law, in case of a forfeiture of real estate, it was necessary that a jury should try the question as to whether a forfeiture should be decreed. 2 Blackstone's Comm. c. 18, p. 271. There were numerous instances, however, where summary proceedings were disposed of without the aid of a jury. 4 Blackstone's Comm. c. 20, p. 280; Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 31 L. Ed. 385. In all of the states of the American Union it has been the practice to try persons charged with petty offenses before police magistrates who determine the question of guilt and mete out proper punishment without the intervention of a jury, and it has never been treated by any of the courts as an infraction of the constitutional guarantee of the right to a trial by jury; and the summary abatement of nuisances without judicial process or proceeding was well known to the common law long prior to the adoption of the federal or any of the state Constitutions, and it has never been supposed that the constitutional guaranty of a jury trial was intended to interfere with this jurisdiction and power. Lawton v. Steele, 152 U. S. 133, 14 Sup. Ct. 499, 38 L. Ed. 385. In the last cited case the Supreme Court of the United States enumerated certain instances in which summary proceedings were resorted to without the intervention of a jury; among them, the killing of diseased cattle, pulling down houses in the path of a conflagration, the destruction of decayed fruits, fish, unwholesome meats, infected clothing, obscene books, pictures, or instruments which can only be used for illegal purposes. The court observed that it was not easy to draw the line between cases where property illegally used might be destroyed summarily and where judicial proceedings were necessary for its condemnation. That case involved the constitutionality of an act of the Legislature of the state of New York (Laws 1880, c. 591, as amended by laws 1883, c. 317), entitled 'An Act for the appointment of game and fish protectors,' which authorized the protectors to seize, remove, and destroy any net, pound, or other means or device for capturing or catching fish in violation of the laws of the state. A game and fish protector had destroyed certain nets taken in unlawful fishing, and his authority to do so was upheld. A common illustration of legislation of this kind is the passage of laws providing for summary seizure and destruction of intoxi-

cating liquors kept and intended for illegal sale and the fixtures used in connection with such illegal traffic and the summary destruction of gambling paraphernalia. It is generally held that such laws are not invalid because they deny the right of trial by jury. Our attention is called to no decision by this court, nor do we know of any, determining whether a trial by jury existed in a proceeding of this character prior to statehood."

It is evident from a reading of that part of the decision, as above quoted, that the court classed property such as horses, mules, wagons, and automobiles that are ordinarily used for lawful purposes in the same class with property such as decayed fruits, fish, unwholesome meats, infected clothing, obscene books, pictures, and gambling paraphernalia, which are ordinarily used for an illegal and unlawful purpose and are public nuisances per se. In our judgment this was error. While property that is ordinarily used for unlawful purposes and is decreed to be a nuisance per se may be forfeited without a trial by jury under the police power of the state, that is altogether a different proposition from the right to forfeit property that is ordinarily used for lawful purposes, wherein an issue of fact may be joined as to whether or not the property was being used for an unlawful purpose. It is true that it is not necessary in every case that a jury trial be granted in order to constitute due process of law, yet it is equally as well settled that the Constitution of this state protects the citizen and his property, lawfully acquired and lawfully possessed, to the extent of guaranteeing to him a jury trial when the accusation is made that he has diverted his property from its ordinary lawful use to an illegal use. We concede there are numerous cases announcing the rule that private property may be destroyed in a summary proceeding, but an examination of this class of cases discloses that all such cases involve the right to abate a public nuisance, such as the destruction of diseased cattle in order to prevent the spread of contagious diseases, but in this class of cases the courts have held that if the property destroyed did not in fact constitute a nuisance and the same was wrongfully destroyed by the officer exercising quasi judicial power, such officer would be liable to the owner of the property for damages, and the reason for the rule that such quasi judicial officer exercising this summary power would be liable for the wrongful destruction of property is upon the ground that the exercise of such summary power is limited by the superior right guaranteeing to each person immunity from having his private property rights invaded except under the regular course of

law sanctioned by the established customs and usages of the courts. Lowe v. Conroy, 120 Wis. 151, 1 Ann. Cases, 342 and note.

If the Constitution fails to protect a citizen from being deprived of such property as wagons, buggies, horses, and automobiles without the right of a trial by jury, where the only issue involved is whether the owner of such property is a criminal and has committed a criminal offense in the unlawful use of his property, then we know of no case that falls fairly within the meaning of the provisions of the Constitution under consideration. We would be confronted with the unreasonable situation that a deputy sheriff could file an accusation against any farmer in this state, charging him with having transported whisky in his wagon; the farmer could come into court, being a man whose reputation had never been challenged, and deny the accusation and demand that the issues joined be submitted to a jury before his team be declared forfeited, but under section 2 of the act of 1917, supra, the right of trial by jury must be denied. We cannot adhere to any such construction of the Constitution of this state.

Under the statute under consideration the adjudication had under said act is final, unless appealed to the Supreme Court, and unless the claimant has the right of trial by jury in the proceeding instituted before the county or district courts of this state, there is no court to which he may appeal where he is granted that right; the result is that he is deprived of property that is ordinarily used for lawful purposes without the right of trial by jury. It is said in the case of One Cadillac Automobile (Hargrove, Claimant) v. State, supra, "that a jury trial is not necessary to constitute due process of law, for there are many civil causes in this state that are triable before the court without the intervention of a jury." While that is true, it is equally as well settled that in that class of cases wherein a jury trial is not necessary in order to constitute due process of law that condition existed on the admission of Oklahoma as a state into the Union and at the time of the adoption of the Constitution of this state, and there is no escape from the conclusion that in a proceeding of this kind under the law as it existed prior to statehood the claimant would as a matter of right have been entitled to a trial by jury according to the course of the common law and the federal Constitution, and that being true, that right under the Constitution of this state remains with the claimant in such proceedings, and the Legislature is without power to take away from the citizen that protection.

The following cases: Sothman v. State, 66 Neb. 302, 92 N. W. 303; State v. McManus, 64 Kan. 720, 70 Pac. 700—are cited as authority on the proposition that prior to the admission of Oklahoma into the Union claimants of this class of cases were not entitled to a jury trial. We do not believe the cases support that view. The first case was construing the statute of Nebraska wherein the right of trial by jury was prescribed at the time of the adoption of the Constitution of the state of Nebraska, and was a liquor case. The last case was a liquor case, and the question of the right of trial by jury was not presented.

It is undisputed that the Constitution of the United States and the common law were in force throughout the Indian Territory and the territory of Oklahoma upon the admission of Oklahoma into the Union, and the rule at that time was that in the trial of all causes that did not invoke the equitable or admiralty jurisdiction of the courts the party litigant was entitled to a jury trial.

In the case of Parsons v. Bedford et al., 3 Pet. 473, 7 L. Ed. 732, the Supreme Court of the United States announced the rule to be:

"The amendment to the Constitution of the United States, by which the trial by jury was secured, may, in a just sense, be well construed to embrace all suits which are not of equity or admiralty jurisdiction, whatever may be the peculiar form which they may assume to settle legal rights."

The rule will be found as follows in 12 R. C. L. 133:

"In the trial of all cases of seizure, on land or on waters not navigable, the court sits as a court of common law, and as in all cases at common law where there are issues of fact to be determined, the trial must be jury. In case, however, of seizure made on navigable waters the court sits as a court of admiralty, and, as in causes of admiralty and maritime jurisdiction generally, it is settled that the trial is to be by the court."

Section 2 of the act of 1917 under consideration requires the action to be determined as civil cases. Therefore, we conclude that the action is one in rem for the purpose of forfeiting property used in violation of law. Such actions are as old as the common law itself, and on the admission of Oklahoma into the Union and the adoption of the Constitution of this state such actions would have been triable according to the course of the common law, and the claimant would have been entitled to a jury trial.

The opinion in the case of One Cadillac Automobile (Hargrove, Claimant, v. The State, supra) in part is as follows:

"This proceeding is not an action for the recovery of specific real or personal property, but is a proceeding in rem, and is not one of that class of cases where a jury trial may be claimed by virtue of section 19, art. 2, of the Constitution. In Shawnee National Bank v. United States, 249 Fed. 583, 61 C. C. A. 509, the Circuit Court of Appeals for the Eighth Circuit held, in a proceeding to forfeit an automobile seized on land under Revised Stat. sec. 2140 (Comp. Stat. sec. 4141), on the ground that it had been used in conveying intoxicating liquors into the Indian country, that the parties were entitled to the usual rights and remedies incident to such an action including the right to a trial by jury. That cause originated in the District Court of the United States for the Western District of Oklahoma, and the right of the parties to a jury trial was governed by the rule prevailing in the federal courts, and the case is not conclusive of the question in the case at bar. Where the property involved is of minor value, such as dice, cards, gambling tables, bar fixtures, or fish nets numerous decisions could be cited where similar property was involved. At the time most of these statutes were enacted and decisions construing them were rendered, the automobile and truck had not come into general use, and, while an automobile is a valuable article of property, the manufacture of which is perfectly lawful, and while it is ordinarily used for lawful purposes, this does not prevent the Legislature from prohibiting the use thereof in aid of the illegal traffic in intoxicating liquors and authorizing its summary destruction where such illegal use has been established. Lawton v. Steele, supra [152 U. S 133]; State v. O'Neil, 58 Vt. 140, 2 Atl. 586, 56 Am. Rep. 557."

It is obvious from reading that part of the opinion above quoted that the learned justice in part based the decision upon the ground that a proceeding of this kind is not an action for the recovery of specific real or personal property, but is a proceeding is rem, and, therefore, is not one of that class of cases wherein a jury trial may be claimed.

While it is true that the proceeding is not one for the recovery of personal property, the effect of the proceeding is that, if the state prevails in the action, the owner of the property sought to be forfeited is deprived of his property. We are driven to the conclusion that the effect of the action is to deprive the owner of his property, and it is immaterial what kind of a proceeding it is, whether in rem, libel, or quasi criminal, there can be no mistake as to the effect of the action. The case of the Shawnee Nat. Bank v. United States, supra, referred to by the court, wherein the Eighth Circuit Court of Appeals held in an action to forfeit an automobile under Revised Statutes, sec. 2140 (Comp. Stat., sec. 4141), on the ground that

it had been used in conveying intoxicating liquor into the Indian country, supports the rule that the claimant in the case at bar was entitled to a trial by a jury, for the reason it is authority to the effect that upon the admission of Oklahoma as a state into the Union and at the time of the adoption of the Constitution of this state in an action to forfeit such property as automobiles and other vehicles the claimant was entitled to a jury trial and it is for the reason that the rule prevailed prior to the adoption of our Constitution that claimants in this class of cases were entitled to jury trials, that the right may be claimed since the adoption of the Constitution, and it was the right that the Constitution guaranteed should remain inviolate.

In the case of State ex rel. West, Attorney General, v. Cobb, 24 Okla. 662, 104 Pac. 361, in an opinion delivered by Mr. Justice Dunn, this court said:

"It is insisted by the Attorney General that the defendant is not entitled to a jury trial herein as a matter of right, and that if he is entitled to a jury trial, the machinery of the court is adequate to grant it to him. Section 19, article 2, of the Bill of Rights of the Constitution, provides: 'That the right of trial by jury shall be and remain inviolate.' The construction of this general guaranty of the Constitution has been before the courts in a great many cases. The Supreme Court of Washington, in the case of State v. Doherty, 16 Wash. 382, 47 Pac. 958, 58 Am. St. Rep. 39, which was likewise a proceeding in quo warranto held in the syllabus that: 'The constitutional provision declaring that 'the right of trial by jury shall remain inviolate' has reference to the right to jury trial as it existed in the territory at the time when the Constitution was adopted.' * * * This is the construction to which it is susceptible, and which must be given where the provision appears in our own Constitution, subject to such changes only as are made in the instrument itself. The case of Bradford v. Territory ex rel. Woods, 1 Okla. 366, 34 Pac. 66, was a proceeding in the nature of quo warranto, in the district court of Oklahoma county, and in that case the Supreme Court of the territory declared in the syllabus that: 'On the trial of an information in the nature of a quo warranto the respondent is entitled to a trial by jury, and to a unanimous verdict.' This holding was not predicated upon the statutes existing in the territory at that time, but upon the right of the defendant as the same was guaranteed under the federal Constitution. This case and this declaration was never departed from during the life of the territory, and in our judgment declared the law of the territory of Oklahoma on this subject."

It is apparent that the court in the case of One Cadillac Automobile (Hargrove, Claim-ant) v. State, supra, made the right of trial by jury dependent upon some statutory right existing at the time of the adoption of the Constitution of this state, and failed to observe the rule as announced in the case of State ex rel. West, Attorney General, v. Cobb supra, and the case of Baker v. Newton, supra, in which this court held that the right of trial that was to remain inviolate and that was guaranteed in section 19, art. 2, of the Bill of Rights was the right that existed under the federal Constitution and the course of the common law. Therefore, we conclude that the doctrine announced in the case of One Cadillac Automobile (Hargrove, Claim-ant) v. State, supra, is in conflict with the rule as announced in the case of State ex rel. West, Attorney General, v. Cobb, supra, and Newton v. Baker, supra. An examination of the authorities shows conclusively that the rule announced in the two last named cases is that the constitutional provision declaring that the right of trial by jury shall remain inviolate has reference to the right to jury trials as it existed in the territory at the time the Constitution was adopted, and that such right was not predicated upon the statutes existing in the territory at that time, but upon the right of the citizen as the same was guaranteed under the federal Constitution and according to the course of the common law, and this rule is supported by the overwhelming weight of authority.

The case of State v. O'Neil, 58 Vt. 140, is cited in support of the contention that certain kinds of property may be forfeited in a summary manner where its illegal use has been established. The case involves the confiscation of intoxicating liquor. The case involves the power of an officer to seize, under certain circumstances, liquor intended for sale and distribution in violation of law, and the court held, under the Constitution of Vermont, that liquor that had been branded with unlawful intent by the conviction of the owners of the liquor was subject to confiscation under the police power of the state. This case does not in any way shed any light upon the proper construction of section 19, art. 2, of the Bill of Rights of our Constitution.

In the case of The Jas. W. French-The Grace, 5 Hughes, 429, in the United States district court for the Eastern district of Virginia, in a very able opinion by Judge Hughes, wherein the title to the vessel was involved, said vessel being held in possession by the sheriff of Elizabeth county, Virginia, by reason of the fact that the master of said vessel, Overton, had been tried and convicted under the laws of Virginia for using the vessel in taking fish from Chesapeake bay con-

trary to law, in discussing the law applicable to condemnation and forfeiture of property, the court said:

"This was a proceeding at common law; and while it is true that in actions in rem in admiralty, property in the nature of ships may be divested from an owner without the verdict of a jury, yet i think it can be laid down with perfect truth that in any proceeding at common law, even proceedings in rem, a citizen of the United States cannot be divested of his property except by verdict of a jury, under due process of law, in a proceeding in which he is in some manner a party, having opportunity to be heard, and having a day in court. Condemnations and forfeitures are unknown in the practice of the United States courts, except upon specific proceedings against the property, and after the verdict of a jury. See Union Ins. Co. v. United States, 6 Wall. 765; Armstrong's Foundry, 6 Wall. 769; Morris' Cotton, 8 Wall, 507. Proceedings in rem were unknown to the common law. 2 Brown's Civil and Adm. Laws, 111; Percival v. Hickey, 18 Johnson, 257, 292; 1 Kent Comm. 378. Common-law courts have jurisdiction of them only by virtue of statutory enactment. If Congress gives this proceeding in common law courts without requiring trial by jury, it violates article seven of the amendments to the national Constitution. If the Legislature of Virginia gives this proceeding to its courts, or the right of condemning property without giving to its owner the right of trial by jury, it violates section 13 of the Bill of Rights. Such, also, was the emphatic, I might almost say indignant, ruling of Mr. Justice Curtis * * * in Green v. Briggs, already cited [C. Ct. 311]; and may be regarded as a fundamental canon of English and American jurisprudence."

In the case of Copp v. Henniker, 55 N. H. 193, will be found an exhaustive review of the authorities construing the Bill of Rights in the various Constitutions of the states of the American Union, and the court in part said:

"In Work v. The State, 2 Ohio. St. 299, where the court said 'The institution of the jury referred to in our Constitution * * * is precisely the same in every substantial respect as that recognized by the Great Charter, and its benefits secured to the freemen of England, again and again acknowledged in fundamental compacts as the great safeguard of life, liberty and property; the same brought to this continent by our forefathers, and perseveringly claimed as their birthright in every contest with arbitrary power, and finally, an invasion of its privileges prominently assigned as one of the causes which was to justify them in the eyes of mankind in waging the contest which resulted in independence. Nor did their affection for it diminish or cool. They made it a cornerstone in erecting the state governments.

* * * Our opinion is, that the essential and distinguishing feature of the trial by jury, as known at the common law, and generally if not universally adopted in this country, was intended to be preserved * * * that it is beyond the power of the Legislature to impair the right or materially change its character. * * * The trial by jury, secured to the subject by the Constitution, is a trial according to the course of the common law, and the same in substance as that which was in use when the Constitution was framed."

Statutes like the one under consideration, authorizing the forfeiting of property ordinarily used for lawful purposes, are very drastic in their operation, and it is the duty of the court to strictly construe the same, and we have carefully examined the record in this cause, and the undisputed testimony shows that the transportation complained of is an interstate one, and not intrastate. The evidence fails to disclose, and in fact the complainant fails to allege, that liquor was transported from one place in the state to another. Therefore, the demurrer to the testimony should have been sustained and the action dismissed.

The case of One Cadillac Automobile (Hargrove, Claimant) v. State, 75 Okla. 134, 182 Pac. 227, and the subsequent cases following the same, in so far as they conflict with the rule announced in this cause as to the right of trial by jury, are overruled. We are cognizant of the fact that a jury trial is not an infallible mode of ascertaining truth and like all human institutions it has its imperfections, still it remains the best protection for the citizen in his property rights as well as his liberty. It has stood the test of experience better than any other legal institution that ever existed among men, and it has met with universal approbation among those who lived under it, and by the greatest thinkers who have investigated it impartially. It is the imperative duty of the courts to jealously guard any unauthorized encroachment upon the right of trial by jury as guaranteed to the citizen by the Constitution. We, therefore, conclude that the court erred in not granting the claimant a jury trial in this cause. The evidence in this cause fails to show a transportation of liquor from one place in the state to another as prohibited by the law, and the judgment herein must be reversed.

. It has been suggested by counsel for claimant that, on account of the statute denying the right of trial by jury, the whole statute must fall. We cannot concur in this contention, for the reason the statute does provide that the cause may be determined as a civil case; then there is no reason why the proceeding to forfeit may not be instituted and proceeded with as other civil actions.

Having concluded that the evidence was insufficient to warrant forfeiture of the car in question for the reason that it failed to disclose that liquor was transported in said car as prohibited in the act in question, it is not necessary to go into the question of jurisdiction presented in this cause on account of the dispute existing at that time as to the boundary line between Texas and Oklahoma. This question was settled in the case of the State of Oklahoma v. State of Texas, decided April 11. 1921, by the Supreme Court of the United States, and the same question was ably discussed and decided by Mr. Justice Doyle in the case of Keeter v. State, in an opinion rendered on April 18, 1921, not yet officially reported.

The judgment is reversed and the trial court directed to dismiss the action.

HARRISON, C. J., and MILLER, ELTING, and NICHOLSON, JJ., concur; KANE, JOHNSON, and McNEILL, JJ., dissent.