**Edward HAMIL, Petitioner,**

v.

**James E. WALKER, Chairman, Oklahoma Tax Commission, Respondent.**

**No. 54236.**

Supreme Court of Oklahoma.

Dec. 18, 1979.

Edward Hamil, pro se.

Oklahoma Tax Commission Marjorie Patmon, Gen. Counsel and Thomas G. Ferguson, Jr., Oklahoma City, for respondent.

HODGES, Justice.

Edward Hamil, a recalcitrant taxpayer, asserts that the Oklahoma Tax Commission violated his constitutional rights. He alleges that the Commission denied him due process of law as mandated by the Okla. Const. art. 2, § 7,[1] and that it refused to provide him with the right to trial by jury

1. The Okla.Const. art. 2, § 7 provides:

   "No person shall be deprived of life, liberty, or property, without due process of law."

   See also § 1 of the Fourteenth Amendment of the United States Constitution.

which is mandated by the Seventh Amendment of the United States Constitution.[2]

When the taxpayer filed his tax return with the Oklahoma Tax Commission [Commission] for the year 1977, he completed all the blanks with the comment, "Object Self-Incrimination." After consideration of the return, and in conformity with 68 O.S.1971 § 221(a),[3] which provides that if a taxpayer fails to file the required return, the Commission may determine the correct amount of tax for the tax period from any information in its possession, or which it may obtain, the Income Tax Division of the Commission issued its proposed assessment in the amount of $437.86 for the year 1977. The taxpayer was given notice on May 7, 1979, that he had thirty days from the date of the assessment in which to protest. The taxpayer responded on May 30, 1979, denied the assessment, stated that he had correctly asserted his Fifth Amendment rights, and asked for a jury trial. However, he took no action to initiate a jury trial in the Oklahoma County District Court, nor did he pay the tax under protest as required by 68 O.S.Supp.1978 § 226(b).[4] The Commission determined that the taxpayer's letter was tantamount to a protest, and that because he did not request an oral hearing in accordance with 68 O.S.1971 § 221(c)(5) and (d) before the Commission, it could, in conformity with the statute, examine the merits of the matter and issue the order. The Commission ordered that the assessment of the Income Tax Division be affirmed. Hamil was provided a copy of the order, acknowledged receipt of it, and indicated his intention to appeal. He subsequently filed an application to assume original jurisdiction and petition for writ of prohibition before this Court.

I

The right to trial by jury declared inviolate by the Okla.Const. art. 2, § 19 refers to the right as it existed in the Territories at the time of the adoption of the Constitution. It is based on the right as guaranteed under the United States Constitution, and according to common law.[5] A study of the historical survey of the Court of Exchequer as delineated in *Damsky v. Zavalt, 289 F.2d 46; 49, 52 (2nd Cir.1961)* reflects that under the common law of England in 1791, an action by the Crown to recover a judgment for taxes was a suit at common law for debt in which the right of jury trial existed.[6] Unless they are waived,

2. The Seventh Amendment of The United States Constitution states in pertinent part:
    "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." See also Okla.Const. art. 2, § 19 which provides:
    "The right of trial by jury shall be and remain inviolate except in civil cases wherein the amount in controversy does not exceed one hundred dollars  .  .  ."

3. It is provided by 68 O.S.1971 § 221(a) in pertinent part:
    "If any taxpayer shall fail to make any report or return as required by any State tax law, the Tax Commission, from any information in its possession or obtainable by it, may determine the correct amount of tax for the taxable period. If a report or return has been filed, the Tax Commission shall examine such report or return and make such audit or investigation as it may deem necessary. If, in cases where no report or return has been filed, the Tax Commission determines that there is a tax due for the taxable period, or if, in cases where a report or return has been filed, the Tax Commission shall determine

that the tax disclosed by such report or return is less than the tax disclosed by its examination, it shall in writing propose the assessment of taxes or additional taxes, as the case may be, and shall mail a copy of the proposed assessment to the taxpayer at his last known address."

4. Title 68 O.S.Supp.1978 § 226(b) states in part:
    "Within thirty (30) days from the date of mailing to the taxpayer of the order, ruling or finding of the Tax Commission, any such taxpayer shall pay the tax to the Tax Commission, and at the time of making such payment shall give notice to the Tax Commission of his intention to file suit for recovery of such tax."

5. *Keeter v. State, 82 Okl. 89, 198 P. 866, 869, 17 A.L.R. 557 (1921).* See also *J. V. v. State, 572 P.2d 1283, 1285 (Okl.1978).*

6. See also *United States v. Anderson, 584 F.2d 369, 373 (10th Cir.1978),* holding that because an action to collect taxes was an action for debt at common law, the taxpayer's right to a jury trial was preserved by the Seventh Amendment.

issues of fact arising from actions for the recovery of money, are required by 12 O.S. 1971 § 556 to be tried to a jury.

 No one has a vested right in any mode of procedure as long as a substantial and efficient remedy is provided.[7] For a taxpayer to obtain a trial by jury, he must pay the full tax allegedly owed, as mandated by 68 O.S.Supp.1978 § 225(c), and sue for a refund[8] in district court as provided by 68 O.S.Supp.1978 § 226(c).

Original Jurisdiction Assumed. Writ of Prohibition Denied.

All the Justices concur.

7. *Crane v. Hahlo,* 258 U.S. 142, 147, 42 S.Ct. 214, 66 L.Ed. 514 (1922); *Martin v. Harrah Inc. Schl. Dist.,* 543 P.2d 1370, 1375 (1976).

8. *Mathes v. Commissioner of Internal Revenue,* 576 F.2d 70 (2nd Cir. 1978). See also *Flora v. United States, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958).*