807 P.2d 292 (1991)
In the Matter of K.S. and B.S., Alleged Deprived Children.
STATE of Oklahoma, Appellee,
v.
Richard L. SIEMENS, Appellant.
No. 74625.
Court of Appeals of Oklahoma, Division No. 3.
December 4, 1990.
Rehearing Denied January 28, 1991.
Certiorari Denied March 19, 1991.
Bruce A. Peabody, Bartlesville, for appellant.
Michael Eric Goldstein, Bartlesville, for appellee State of Okl.
Patrick H. Roark, Bartlesville, for appellee minor children.
Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

*293 OPINION
GARRETT, Presiding Judge:
On March 14, 1989, Appellee, State of Oklahoma (the State), filed a Petition alleging that K.S. and B.S. (Children) were deprived children because of abuse by their father, Richard L. Siemens (Appellant). Children were adjudicated deprived and made wards of the court on June 27, 1989. They were placed in the custody of the Department of Human Services (DHS) and into the physical custody of their mother, Mary Siemens.
On the day of the dispositional hearing, Appellant filed a Demand for a Jury Trial. He contends Article 2, Section 19 of the Oklahoma Constitution requires a jury trial, if one is requested, for the dispositional hearing. The trial court denied his request and proceeded with the hearing. Appellant filed his Motion to Reconsider and/or Motion for New Trial, which the trial court overruled. The only issue in this appeal is whether Appellant is entitled to a jury trial at the dispositional hearing stage of juvenile proceedings in which the State alleges children are deprived.
Appellant contends the trial court exceeded its jurisdiction in denying him his fundamental constitutional right to a jury trial in the disposition stage of the juvenile proceeding, contrary to Article II, Section 19 of the Oklahoma Constitution. This constitutional provision, since amended, was amended by the people of Oklahoma, effective January 13, 1969, and provided:
The right of trial by jury shall be and remain inviolate, except in civil cases wherein the amount in controversy does not exceed One Hundred Dollars ($100.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil and criminal cases shall consist of twelve (12) persons; but in the trial of ... juvenile proceedings,. . . and civil cases concerning causes of action involving less than Twenty-five Hundred Dollars ($2,500.00), juries shall consist of six (6) persons. In civil cases, and in criminal cases less than felonies, three-fourths (¾) of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein.
In A.E. v. State, 743 P.2d 1041 (Okl. 1987), the Supreme Court held that jury trials are mandated in termination of parental rights proceedings initiated by the State. In reaching this holding, the Court cited McKeiver v. Pennsylvania, 403 U.S. 528, 548, 91 S.Ct. 1976, 1987, 29 L.Ed.2d 647, 662-63 (1971), and Keeter v. State ex rel. Saye, 82 Okl. 89, 198 P. 866 (1921), and stated the rule of law that a constitutional amendment supersedes the law existing prior to its enactment. In its analysis, the Court noted that prior to the 1969 amendment, there was no reference in Article 2, Section 19, to jury trials in juvenile proceedings. To determine the effect of the amendment on Oklahoma law, the Court noted, at page 1046, two rules of construction found in Wimberly v. Deacon, 195 Okl. 561, 144 P.2d 447, 449 (1944):
(1) the meaning of a constitutional provision is the meaning as understood by *294 those framing and adopting the constitution; and (2) the words of a constitution are to be given their plain, natural and ordinary meaning. (Footnotes omitted).
The Court noted the Juvenile Code recognizes two kinds of hearings: "adjudicatory", 10 O.S.1981 § 1101(f); and, "dispositional", 10 O.S.1981 § 1101(g). In distinguishing these types of hearings, the Court compared a parental rights termination proceeding to an adjudicatory hearing pursuant to a deprived child petition. The Court held that a proceeding to determine whether parental rights should be terminated under 10 O.S.1981 § 1130 is "an adjudicatory proceeding within the contemplation of the statute" and "not merely a disposition of an adjudicated child." 743 P.2d at 1047. (Emphasis added). The Court further reasoned:
It is incongruous, as well as unconstitutional, to afford jury trials at the first stage adjudicatory hearing while parents still have the opportunity to correct the conditions bringing them under the auspices of the Juvenile Code, and to deny the right in proceedings where the parent-child relationship is severed forever. The determination of whether conditions warranting termination specified by 10 O.S.1981 § 1130 exist is an adjudicatory proceeding within the contemplation of the statute. (Emphasis added).
In a footnote immediately following the above text, the Court distinguished the dispositional hearing from a termination (adjudicatory) proceeding:
[T]he adjudicatory hearing is held to determine whether the allegations of the petition are supported by the evidence and whether a child should be adjudged a ward of the court (10 O.S.1981 § 1101(f)). This hearing requires procedures be in conformance with the rules of evidence (10 O.S.1981 § 1111) except that these hearings are to be private in absence of an order to the contrary. The dispositional hearing is not held in accordance with rules of evidence in that `all evidence helpful in determining the proper disposition best serving the interest of the child ...' may be admitted. 10 O.S. 1981 § 1115(a). Termination goes beyond mere `disposition' of an adjudicated child. It results in absolute and permanent termination of all a parent's natural and legal rights to a child. 10 O.S.1981 § 1132. (Emphasis added).
When Article 2, Section 19 of the Oklahoma Constitution was amended, effective January 13, 1969, 10 O.S.Supp.1969 § 1110 was enacted, providing for jury trials in adjudicatory hearings, i.e., hearings to "determine whether a child is within the purview of this Act...." Neither § 1110, nor any other statute with which we are familiar, requires a jury trial at a dispositional hearing. 10 O.S.Supp.1969 § 1115 (since amended), providing for dispositional hearings, does not mention trial by jury.
In view of A.E. v. State, supra, Article 2, Section 19, Oklahoma Constitution, does not require a jury trial in a "dispositional hearing". The right to a trial by jury applies to the previous "adjudication hearing", or to a possible subsequent "termination of parental rights" proceeding. (See 10 O.S.Supp.1987 § 1130).
AFFIRMED.
HUNTER, V.C.J., and HANSEN, J., concur.